**ORIGINAL**

# In the United States Court of Federal Claims

No. 09-797C
(Filed: February 29, 2012)

**FILED**

FEB 2 9 2012

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| FRANCISCO BRIZUELA, | |
| *Plaintiff,* | Contracts; Jurisdiction; Presumption of Money Damages; Statute of Limitations |
| v. | |
| THE UNITED STATES, | |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Francisco Brizuela*, San Diego, CA, pro se.

*Michael D. Snyder*, United States Department of Justice, Civil Division, Washington, D.C., with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Todd M. Hughes*, Deputy Director for defendant. *Mellisa Mortimer*, United States Postal Service, of counsel.

## OPINION

BRUGGINK, *Judge*.

This is an action for breach of an Equal Employment Opportunity Commission settlement agreement. Pending is defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). The matter is fully briefed. Oral argument is deemed unnecessary. For the reasons set out below we grant the motion to dismiss.

## BACKGROUND

Francisco Brizuela, plaintiff, was employed as a mail handler in Amarillo, Texas, by the United States Postal Service ("USPS") until he was terminated on April 3, 1985, during his initial probationary period. Compl. ¶ 19; Def.'s Ex. B. On April 16, 1985, plaintiff filed a complaint with the Equal

Employment Opportunity Commission ("EEOC") against the USPS. The complaint alleged the USPS discriminated against him on the basis of national origin.

Plaintiff entered into a settlement agreement with the USPS on June 18, 1985 (the "Agreement"). Def.'s Ex. A. The Agreement provided, in part, that plaintiff could "submit a request for reinstatement into the Amarillo, Texas Post Office as a . . . Career Mail Handler." *Id.* Per the Agreement, plaintiff's reinstatement request would receive "full, fair, and just consideration" upon the availability of a mail handler position in the Amarillo Post Office and plaintiff would experience "no acts of reprisals and/or retaliations" for filing the EEOC complaint. *Id.* The Agreement also provided that "if and/or when there is a favorable consideration given to the re-instatement" plaintiff would serve a 90-day probationary period. *Id.*

On June 19, 1985, plaintiff submitted a request to be reinstated as a mail handler at the Amarillo Post Office. In a letter dated July 31, 1985, the Amarillo Postmaster, Donald S. Boyd, informed plaintiff that the Amarillo Post Office was not hiring. The letter also informed plaintiff that his reinstatement request would be "placed on file for one year." Pl.'s Ex. 3.

Nearly sixteen years later, in February 2001, plaintiff contacted the Amarillo Post Office and provided it with copies of his 1985 reinstatement request, the Agreement, and the July 31, 1985 letter. The Amarillo Post Office discovered that plaintiff had recently applied for a position at the San Diego Post Office and now resided in San Diego. Plaintiff was advised to contact the human resources department of the San Diego Post Office.

Plaintiff's application to the San Diego Post Office represented that he had never been terminated from any job. Upon review of plaintiff's application and his USPS personnel file, the San Diego Post Office discovered plaintiff's 1985 termination from the Amarillo Post Office and asked him for an explanation. After plaintiff provided an explanation for his termination, plaintiff was hired as a custodian and laborer by the San Diego Post Office in November of 2004.

On February 13, 2006, plaintiff filed an agency complaint with the USPS alleging breach of the Agreement. On April 6, 2006, the USPS issued a final agency decision finding that the USPS had not breached the Agreement. Def.'s Ex. E. Plaintiff appealed to the EEOC, and the USPS's decision was

affirmed by the EEOC on September 10, 2007. Def.'s Ex. F.

Plaintiff filed a complaint in the United States District Court for the Southern District of California on December 11, 2007. On August 13, 2009, the District Court determined that plaintiff's claim was for breach of contract and ordered the suit transferred to this court. Plaintiff filed his transferred complaint on December 22, 2009, and amended the complaint on August 3, 2010. The case was stayed on November 5, 2010, because the Federal Circuit's resolution of *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011), was directly relevant and potentially controlling of the resolution of the issues presented here.

Plaintiff asserts that the USPS breached the Agreement by failing to fully and fairly consider him for reinstatement and for failure to ensure that he did not experience any "acts of reprisal and/or retaliation." Compl. ¶ 30. Plaintiff further alleges that the USPS breached the implied covenant of good faith and fair dealing because the USPS did not perform under the Agreement as reasonably expected. Plaintiff also makes a claim that the Postmaster, within the course and scope of his authority for the USPS, intentionally deceived plaintiff in the July 31, 1985 letter by stating that the Amarillo Post Office was not hiring new employees.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). Defendant makes two arguments: (1) that the Agreement is not money-mandating, therefore, this court does not have jurisdiction under the Tucker Act; and (2) this court does not have jurisdiction because plaintiff's claims are barred by the six-year statute of limitations set forth in the Tucker Act, 28 U.S.C. § 2501 (2006). We agree only with the second contention.

## DISCUSSION

Jurisdiction is a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3). In considering defendant's motion to dismiss, we must assume factual allegations in the complaint are true and draw all reasonable inferences in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746,

748 (Fed. Cir. 1988).

## I. The court has jurisdiction over breach of the EEOC agreement

The Tucker Act confers upon this court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act "itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver [of sovereign immunity in] the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). The separate source of substantive law must represent a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994).

Defendant asserts that this court does not have jurisdiction over plaintiff's breach of contract claim because the Agreement cannot be fairly interpreted as money mandating. Defendant's argument is that plaintiff cannot establish subject matter jurisdiction by a showing that the Agreement fairly infers the availability of money damages for breach.

Plaintiff responds that the nature of the suit, breach of contract, in itself establishes jurisdiction. Citing *United States v. Winstar*, 518 U.S. 839, 885 (1996), plaintiff asserts that the default remedy for any breach of contract is money damages. Plaintiff's argument, thus, is that the "'contract itself does not need to be money-mandating because money damages are the default remedy for a breach of contract.'" Pl.'s Resp. 6 (quoting *Taylor v. United States*, 73 Fed. Cl. 532, 545 (2006)).

During the pendency of this case, the Federal Circuit, in *Holmes*, addressed similar arguments in a case dealing with Title VII settlement agreements. The Federal Circuit noted that "'[n]ormally contracts do not contain provisions specifying the basis for the award of damages in case of breach . . . .'" *Holmes*, 657 F.3d at 1314 (quoting *San Juan City Coll. v. United States*, 391 F.3d 1357, 1361 (Fed. Cir. 2004)). In discussing the money-mandating requirements of the Tucker Act, "[g]enerally, [the Federal Circuit]

4

also has distinguished claims based upon the Constitution, a statute, or a regulation, from claims based upon a contract." *Id.* The court then found that "in a contract case, the money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money damages are available for breach of contract, with no further inquiry being necessary." *Id.*

In evaluating the Title VII agreements at issue in *Holmes*, although noting that monetary damages are not always available for breach of a Title VII agreement, the court found the agreements could be fairly interpreted as contemplating monetary damages. *Id.* at 1315-16. In arriving at this conclusion, the court noted the agreements called for Mr. Holmes' suspension to be expunged from his record and for the Navy to provide Mr. Holmes a neutral reference. *Id.* The court observed that there was no language indicating that money damages were not available and then concluded that "the agreements inherently relate to monetary compensation through relationship to Mr. Holmes's future employment." *Id.* at 1316.

The Agreement in this case calls for plaintiff to file a reinstatement request for employment as a mail handler. It states that, upon filing of the request, the application will be given "full, fair, and just consideration." Pl.'s Ex. 1. The Agreement also calls for plaintiff to serve a probationary period "if and/or when" reinstated. *Id.* Additionally, the Agreement provides that plaintiff "will experience no acts of reprisals and/or retaliations for seeking redress through the EEO Complaint Process." *Id.* Like the agreement in *Holmes*, therefore, the Agreement in this case contemplates the possibility of plaintiff's future employment. Additionally, like the agreements in *Holmes*, the Agreement does not contain language indicating that monetary damages are not available

Given the presumption that money damages are available for breach of a contract and the similarities between the Agreement in this case and the agreement in *Holmes,* we find the Agreement can be fairly interpreted as contemplating monetary damages as an available remedy. We, therefore, would have jurisdiction over plaintiff's breach of contract claim if not for a different defect discussed below.

## II. Plaintiff's claim is barred by the statute of limitations

Filing a claim within the applicable statute of limitations is a jurisdictional "condition of the waiver of sovereign immunity" under the

Tucker Act. *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003). "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006). Under the Tucker Act, a claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez*, 333 F.3d at 1303 (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)).

Defendant asserts that, even accepting plaintiff's allegations of breach of the Agreement, plaintiff's claim accrued more than six years before he commenced this suit. Defendant argues that plaintiff received notice that the Amarillo Post Office would not keep his application on file and thus would not consider the application after August 1, 1986. Plaintiff responds that the accrual of his claim for breach of contract was suspended because he did not know and should not have known that the claim existed, and thus the accrual suspension rule is applicable. Pl.'s Resp. 10 (citing *Young v. United States*, 529 F.3d 1380 (Fed. Cir. 2008)).

The Agreement was executed on June 18, 1985. It provides that:

> upon completion of military duty . . . ending July 22, 1985, [plaintiff] will submit a request for re-instatement into the Amarillo, Texas Post Office as a . . . Mail Handler. . . . Upon the availability for Mailhandler position vacancies for the Amarillo, Texas Post Office, the [plaintiff's] request will be given full, fair, and just consideration.

Pl.'s Ex. 1. The Agreement sets out no time limit regarding defendant's obligation to give consideration to plaintiff's request and did not require plaintiff to make multiple reinstatement requests. Plaintiff submitted his request for reinstatement on June 19, 1985, before the date contemplated in the agreement. *See* Pl.'s Ex. 2. On July 31, 1985, Donald S. Bloyd, Postmaster, notified plaintiff by letter of "a suspension on adding new employees." Pl.'s Ex. 3. The July 31, 1985 letter stated that plaintiff's request "letter will be placed on file for one year." *Id.* This letter served as notice to plaintiff that on August 1, 1986, one year after the letter's date, his reinstatement request would no longer be on file, and thus would not be considered if a mail handler position became available beyond that date.

6

The accrual suspension rule requires that plaintiff "must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." *Young*, 529 F.3d at 1384 (quoting *Martinez*, 333 F.3d at 1319). Plaintiff asserts that the Amarillo Post Office did not have a hiring suspension in 1985 and that the Postmaster intentionally misrepresented this information. Even accepting this allegation as true, however, plaintiff still received notice that his reinstatement request would not be maintained beyond August 1, 1986. Although plaintiff may not have been aware of alleged misrepresentations, plaintiff knew of should have known that the Amarillo Post Office would not continue to consider him for mail handler positions after August 1, 1986, because his reinstatement request would not be on file. Any alleged obligation of defendant to continue considering plaintiff for mail handler positions, therefore, was breached on August 1, 1986, because the Amarillo Post Office made it clear it would no longer consider plaintiff's reinstatement request after that date.

Plaintiff next points to *Holmes*, in which the court found the accrual suspension rule applied to the breach of a Title VII agreement. 657 F.3d at 1321. On this issue, the *Holmes* case is distinguishable from this case. In *Holmes*, the Navy agreed to remove a fourteen-day suspension from the plaintiff's employment record. *Id.* Approximately two months after the agreement, the Navy provided the Assistant United States Attorney in charge of the case with a letter confirming that it had removed the suspension from Mr. Holmes record. The *Holmes* court found it reasonable that Mr. Holmes could not and would not have known that the Navy had in fact failed to remove the record. *Id.* In this case, the USPS had an obligation to give plaintiff's reinstatement request "full, fair, and just consideration" for a mail handler position. The USPS informed plaintiff that it did not have an available position and would keep his request on file for one year. Plaintiff, therefore, knew or should have known his reinstatement request would not be considered after the passage of one year.

Plaintiff's claims accrued no later than August 1, 1986, because the USPS informed him it would no longer maintain his reinstatement request after that date. Without the reinstatement request on file, the USPS would not perform its alleged obligation to consider plaintiff for mail handler positions after August 1, 1986. Plaintiff has failed to establish that the accrual suspension rule should apply to his claims. Plaintiff's claims, therefore, are barred by the six-year statute of limitations under the Tucker Act.

## CONCLUSION

Defendant's motion to dismiss is granted. The Clerk is directed to dismiss the complaint without prejudice. No costs.

_____
ERIC G. BRUGGINK
Judge